*359 Saturday, April 80. The Judges pronounced their ¿¡pinions.
Judge Tucker.
The only material question that seems to occur in this cause is, whether in an action of trespass, assault, and battery, brought against one defendant, he can plead in bar of a recovery, a judgment obtained against another defendant, for the same cause of action, in another suit.
Mr. Hay endeavoured to distinguish between this case and the cases of Ammonett v. Turpin and Harris, and Ruble v. Turner and others, in this Court,(a) but the principle, that the plaintiff can have but one satisfaction appears to be precisely the same. And it appears from Bull. Ni. Pri. 20. who cites Telverton 68. that it matters not, whether the recovery was had in a Joint, or in a several action. 1 Esp., 318. is to the same effect.
But, it may be thought that the verdict is too uncertain as not being responsive to the issue joined between the parties. The gist of the inquiry upon this plea is whether the assault and battery charged in the plaintiff’s action against Burwell Wilkes is one and the same with the assault and battery charged in this action. The Jury have, indeed, With an apparent affectation of superior sagacity, told the Court that “ the blows of Thomas Wilkes were not the blows of Burwell Wilkes J’ But, if those blows were given at the same time and place, and in concert with each other, the law pronounces differently from the Jury. The Jury afterwards find that both Thomas and Burwell were, concerned in the same affray, at the same time; they then proceed to say, that it was the same affray, for which a judgment zvas rendered in that Court against Burwell Wilkes. Now what is an affray? We are told that it is the fighting of two or more persons in some public place.(b) Now, though there may be an assault and battery, without fighting, there cannot I think be any fighting without an assault. And, if the fighting be not with missile weapons, it must also be attended with a battery. *360 Judge Blackstone distinguishes an affray from an assahlt, only from the circumstance of the place where it happens.* If in a public one, it is an affray ; if in private, an assault. I therefore think the verdict sufficiently responsive to the issue, to entitle the defendant to a judgment in his favour 5 and therefore that the judgment of the District Court should be reversed, and'that of the County Court affirmed*
Judge Roane.
An examination of the case of Ammonett v. Harris and Turpin,(a) will shewthat (perhaps) every Judge expressed an affirmative opinion upon the point now in question; namely, that a judgment recovered in an action against one trespasser may be pleaded in bar to an action brought against another for the same trespass: and this seems warranted by the. cases there cited.
As to the present Verdict, sóme ambiguity arises from its having used the word " affray ” but when we consider its true import, I think the verdict sufficiently certain. An affray is defined to be, “ the fighting of two- or more per- “ sons in some public place. ”(b) An affray therefore is nothing more than a public fight. If the word “ fight,” or “ public fight,” be read in the verdict in lieu of the word “ affray,” it will sufficiently appear, that the battery now in question is the same battery with that for which the former recovery was had. In substance, therefore, I think the verdict sufficient.
I am consequently of opinion that the judgment of the District Court is erroneous, and that judgment be entered for the defendant.
Judge Fleming.
The only point respecting the merits of this case is, whether, if a trespass, assault, and battery, be committed by several, a judgment against one of them is satisfactidn for the whole ?
It has been decided,by the Unanimous opinion of this Court, in the case of Ammonett v. Harris and Turpin,(c) that a recovery against one, and a receipt of the damages recovered, is full satisfaction, and precludes the plaintiff from making ah election against which of the defendants he will. *361 take that satisfaction: but that was a case of a joint action;. against several defendants: and Mr. Hay, in the argument, made a distinction between that case and the one now under consideration, in which there were separate actions;, and • therefore insisted that the recovery against Burwell Wilkes was no bar to his action against' the appellant Thomas Wilkes: but the distinction taken seems not to yai-y the principle ; as it has been shewn by the cases already cited, that if a recovery be had in a separate action against one joint trespasser for a battery, that recovery may be pleaded in bar to an action for the same battery, brought against another.' -
On my first perusal of the record, however, -! was doubt-' fill whether the facts found in the verdict were sufficiently explicit to authorise a judgment - thereon, and whether a venire facias de novo would- not be necessary j but, on particular attention to the definition of the word affray, made use of in the verdict, instead of the word battery, used iú the pleadings, they appear tobe synonymous, and my doubt is removed; so that I have no difficulty in saying that ,1 think the judgment of the District Court is erroneous, and ought to he reversed, and that of the County-Court affirmed.

 1 Hen. & Munf. p. 38.

 4 Bl. Com. 145.

 1 Hen. & Munf. 488.

 4 Bl. Com. 144.

 1 Hen. & Munf. 488.